IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01580-GPG

DERRICK E. TURNER,

    Applicant,

v.

LOU ARCHULETA, Warden
THE ATTORNEY GENERAL OF THE STATE OF COLORADO

    Respondents.

## ORDER DENYING MOTIONS TO STAY

    Applicant, Derrick E. Turner, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated in Canon City, Colorado. On July 24, 2015, Applicant initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). He has also submitted a "Motion for Order to Hold in Abeyance" (ECF No. 3), a "Motion for Stay and Obeyance [sic]" (ECF No. 6), and a "Motion to Hold and Abeyance" (collectively "Motions to Stay") (ECF No. 11). The Court has reviewed all of the Motions to Stay, which request that the Court hold the habeas application in abeyance because Mr. Turner's Crim. P. 35(c) motion is pending in the Colorado Court of Appeals and he does not want to miss the one year deadline to file a federal habeas application. (*Id.*) Mr. Turner states that there are issues pending on appeal that he intends to add to his habeas application once the issues are exhausted. (ECF No. 3).

    Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In this case, Mr. Turner alleges that all of the claims in his current habeas application are exhausted (ECF No. 10 at 5), but he desires a stay because there are unexhausted issues he wants to add to the application after they are exhausted (ECF No. 3). Ordinarily, all § 2254 habeas claims must be presented in the initial § 2254 habeas corpus application. *See* § 2244(b) (outlining the limited circumstances when a second or successive habeas application would be allowed).

Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies for a particular claim is a matter of district court discretion. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). However, "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

A motion for a stay may be granted only if: (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. In this case, Applicant failed to demonstrate good cause for his failure to exhaust state remedies prior to filing this action. Further, he failed to identify the unexhausted claims and he did not provide any factual allegations regarding the unexhausted claims. Therefore, it is impossible to determine whether the unexhausted claims are potentially meritorious. For these reasons, the Motions to Stay will be denied.

Accordingly, because his Motions to Stay will be denied, Mr. Turner now has a choice: he can elect to voluntarily dismiss this action and wait for the state court to exhaust his additional claims before seeking relief in federal court -- or -- he can proceed with the current action but will likely be barred from seeking future review of the currently unexhausted clams. *See* 28 U.S.C. § 2244(b).  If Applicant elects to voluntarily dismiss this action, he is warned that the one-year limitation period in § 2244(d) will be applied to any new federal court action he seeks to file.  Further, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the limitation period. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  Accordingly, it is

ORDERED that Plaintiff's "Motion for Order to Hold in Abeyance" (ECF No. 3), "Motion for Stay and Obeyance [sic]" (ECF No. 6), and "Motion to Hold and Abeyance" (ECF No. 11) are **DENIED**. It is

FURTHER ORDERED that if Plaintiff wishes to voluntarily dismiss this action, he notify the court **within twenty-one (21) days of the date of this Order**. It is

FURTHER ORDERED that if Plaintiff does not notify the Court within twenty-one days of the date of this Order that he wishes to voluntarily dismiss this action, the Court will proceed to order the Respondents to file a Pre-Answer Response.

DATED September 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge