IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01580-GPG

DERRICK E. TURNER,

    Applicant,

v.

LOU ARCHULETA, Warden,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DISMISSING CASE

    Plaintiff, Derrick E. Turner, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated in Canon City, Colorado. On July 24, 2015, Applicant initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). He also submitted numerous Motions to Stay asserting that there are issues pending on appeal in state court that he wanted to add to his habeas application once the issues are exhausted. (ECF Nos. 3, 6, and 11).

    On September 14, 2015, this Court denied all of the Motions to Stay. (ECF No. 15). The Court also informed Plaintiff that because his Motions to Stay were denied, he had a choice to either voluntarily dismiss this action and wait for the state court to exhaust his additional claims before seeking relief in federal court -- or -- he could proceed with the current action but would likely be barred from seeking future review of the currently unexhausted clams. The Court warned Applicant that if he elected to voluntarily dismiss this action, the one-year limitation period in § 2244(d) would be

applied to any new federal habeas action he files.  Additionally, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the limitation period.

On September 25, 2015, Plaintiff filed a "Motion to Dismiss Without Prejudice." (ECF No. 16).  Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  In this case, no responsive pleading has been filed by the Respondents.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  Plaintiff's Motion to Dismiss, therefore, closes the file as of September 25, 2015.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of September 25, 2015, the date Plaintiff filed his Motion to Dismiss (ECF No. 16) requesting voluntary dismissal of this action.

DATED at Denver, Colorado, this  29th  day of   September  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court